IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-1261-RM-SKC:

MILLENNIUM FUNDING, INC. *et al*,

    Plaintiffs,

v.

PRIVATE INTERNET ACCESS, INC. *et al*,

    Defendants.

---

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNREDACTED EXHIBIT "6" UNDER LEVEL 1 RESTRICTION**

---

Plaintiffs ("Plaintiffs") by and through their counsel, respectfully move this Court pursuant to D.C.COLO.LCivR 7.2 for leave to file an unredacted version of Exhibit "6" to the Second Amended Complaint ("SAC") [Doc. #59] under a level 1 access restriction.

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiffs conferred with Paul Fakler, counsel for Defendant Private Internet Access, Inc. ("PIA"), concerning this matter on 11/2/2021 who indicated that he does not oppose this Motion.

For the reasons set forth in Plaintiffs' incorporated memorandum below, the restriction is necessary to prevent immediate and irreparable harm to Plaintiffs, Plaintiffs' counsel and entities not a party to this case.

**I. MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  Brief Factual Background**

1. Plaintiffs allege that Defendant PIA infringed rights in their copyright protected Works and breached a fully enforceable settlement agreement ("Agreement"). *See generally* SAC.

2. Exhibit "6" [Doc. #59-6] to the SAC is a redacted version of the Agreement.

3. The unredacted version of the Agreement includes the names of entities not a party to this case. *See* Decl. of Culpepper at ¶6.

4. The unredacted version of the Agreement includes confidential information such as, for example, the bank information of Plaintiffs' counsel, the payment amount and the specific terms that would reveal Plaintiffs' litigation strategy. *See* Id. at ¶¶4-5.

**B. Legal Standard**

5. D.C.COLO.LCivR 7.2(c) sets forth the standard for restriction of filings. A motion to restrict must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction); (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and (5) identify the level of restriction sought.

20-023W

**C. Argument**

6. The level of restriction sought is level 1 access restriction to an unredacted version of Exhibit "6". Should the Court grant Plaintiffs' Motion, Plaintiffs request that the restriction remain in effect.

7. The document for which Plaintiffs seeks a level 1 restriction is an unredacted version of Exhibit "6".

8. The interests to be protected are the Plaintiffs ability to obtain legal relief in other proceedings. Publicly filing an unredacted copy of Exhibit "6" would reveal the payment amount and terms Plaintiffs agreed to with PIA and thereby do irreparable harm to Plaintiffs' negotiation position in other litigation. *See* Id. at ¶5.

9. The interests to be protected are also Plaintiffs' counsel's banking information. Publicly filing an unredacted copy of Exhibit "6" would reveal Plaintiffs' counsel's firm client trust bank account detail information and thereby do irreparable harm to Plaintiffs' counsel's firm and its clients. This risk is real and concrete. Plaintiffs' counsel has been subject to repeated racist and homophobic threats by angry end users of VPN services and piracy sites from other cases. *See* Id. at ¶¶7-10.

10. The interests to be protected are also other third party rightsholders that are parties to the Agreement shown in Exhibit "6" but not parties in this case. An unredacted copy of this Agreement revealing these rightsholders' names would possibly do irreparable harm to their ongoing business such as negotiations with distributors. *See* Id. at ¶6.

3

20-023W

11. The interest in protecting the Plaintiffs', the third party rightsholders, and Plaintiffs' counsel's confidential information, the Plaintiffs' right to protect their copyrights and the publics' interest in encouraging the useful arts outweighs the presumption of public access since Plaintiffs have publicly filed a redacted version of Exhibit "6" with the SAC. Plaintiffs has weighed the public interest in view of the real and concrete confidential interests when redacting Exhibit "6".

## II.   CONCLUSION

12. Accordingly, Plaintiffs respectfully request that the Court grant leave for Plaintiffs to file an unredacted Exhibit "6" under a level 1 restriction to be linked to the SAC.

DATED: Kailua-Kona, Hawaii, Nov. 18, 2021.

/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:      kculpepper@culpepperip.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

A. John Peter Mancini     jmancini@mayerbrown.com,

4680105420@filings.docketbird.com, ajpmancini@aol.com,

jmarsala@mayerbrown.com

Paul Matthew Fakler     pfakler@mayerbrown.com,

7018781420@filings.docketbird.com, jmarsala@mayerbrown.com

DATED: Kailua-Kona, Hawaii, Nov. 18, 2021.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Plaintiffs

20-023W