## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01261-RM-SKC

Millennium Funding, Inc. *et al*,

    Plaintiffs,

v.

Private Internet Access, Inc. *et al.*,

    Defendants.

## DECLARATION OF PAUL FAKLER

I, Paul Fakler, declare pursuant to 28 U.S.C. §1746, as follows:

1. I am a partner at Mayer Brown LLP, counsel of record for Defendant Private Internet Access ("PIA") in the above-captioned action, and I am admitted to practice before this Court. I submit this declaration in support of PIA's Reply in Support of PIA's Motion to Dismiss.

2. Plaintiffs did not name PIA as a Defendant in this matter until they filed their Amended Complaint on August 1, 2021 (Dkt. No. 27). PIA subsequently waived service and its initial time to answer or respond to the Amended Complaint was October 19, 2021. Pursuant to the parties' joint motion, PIA's time to answer or otherwise respond was later extended to November 19, 2021 (Dkt. No. 63).

3. On October 19, 2021, at approximately 4:00 pm Eastern Time I spoke with Plaintiffs' counsel, Kerry Culpepper, by phone. During that call, we discussed – among other

issues – potential settlements with PIA and with another client that had been sued by Plaintiffs in the Eastern District of Virginia. Plaintiffs took the position that they believed PIA had already reached a binding settlement agreement with Plaintiffs. I told Mr. Culpepper that I would discuss Plaintiffs' position with PIA and get back to him.

4. On November 1, 2021, I sent an email to Mr. Culpepper, asking to schedule another call so that I could get back to him with PIA's position on Plaintiffs' allegations regarding the supposed settlement. Also, because at that time the full extension of PIA's time to answer or otherwise respond had not yet been granted, I informed Mr. Culpepper that PIA wished to meet and confer on two planned motions, including a motion to dismiss the Amended Complaint. Mr. Culpepper attached that email as Exhibit 1 to his Declaration attached to Plaintiffs' Response in Opposition to Defendants [sic] Motion to Dismiss (the "Culpeppeper Decl."). In the email, I set out, at the general level, the key deficiencies in the Amended Complaint that would form the basis of PIA's motion to dismiss as well as a motion to sever, so that our call could be efficient and at least somewhat productive. Mr. Culpepper agreed to speak with me on November 2 at 4:30 pm Eastern Time.

5. When I called Mr. Culpepper at the agreed time, he told me that he was not prepared to substantively discuss the identified deficiencies or PIA's intended motion. I nonetheless reiterated PIA's positions related to the intended motions and asked Mr. Culpepper to inform me when he was prepared to discuss Plaintiffs' positions.

6. We then discussed the parties' respective positions on the supposed PIA settlement, including PIA's position that no final agreement had ever been reached and the reasons why. Mr. Culpepper then suggested that Plaintiffs would likely file a motion to enforce the supposed settlement and asked if PIA would consent to Plaintiffs' filing of the draft

2

settlement agreement under seal. I told him that while PIA would consider supporting filing the entire draft agreement under seal, it would also want to seek to file any other confidential settlement communications under seal given that they inevitably would be referenced in any such motion practice. I also stated that PIA would want to proceed by joint motion so that all of these documents could be dealt with at one time and PIA could be sure that all confidential material was protected – as opposed to just the material Plaintiffs wished to protect.

7. I did not hear anything further from Mr. Culpepper after that call with respect to the proposed motion to enforce the settlement, or about a joint motion seeking to file the draft settlement agreement or other settlement communications under seal. Later on November 2, he sent me an email asking for PIA's consent to file a Second Amended Complaint ("SAC"). I asked for clarification as to whether the proposed SAC would address the deficiencies PIA raised during the meet and confer and Mr. Culpepper represented that the amendments would resolve those deficiencies. On that basis, PIA consented to Plaintiffs' filing of the SAC.

8. When Plaintiffs filed the SAC, PIA was surprised to find that Plaintiffs had not only made changes to the existing allegations against PIA, but also added an entirely new claim for breach of the supposed settlement agreement. Even more surprising, Plaintiffs included a partially redacted copy of an altered version of the draft settlement agreement, omitting the various edits and comments that were showing in the actual file sent by PIA during the settlement negotiations. I note in this regard that I reviewed the original file attached to the email from PIA at issue, and the default view of that file includes all of the edits and comments that were missing from the version filed by Plaintiffs. One would have to affirmatively change the document setting to hide changes and comments in order for the draft agreement to look similar to the version filed by Plaintiffs. In that filing, Plaintiffs selectively redacted certain portions of

the draft agreement that they wanted to keep secret, but left unredacted various other portions of the draft agreement that PIA considered confidential and sensitive.

9. Plaintiffs also included in the publicly-filed SAC various partial quotes, alleged paraphrases, and characterizations of the parties' formerly-confidential settlement communications. These were the very communications I had previously told Mr. Culpepper that PIA expected to work together with Plaintiffs to keep restricted. In Plaintiffs' motion to restrict access to the unredacted draft settlement agreement, they represented that PIA consented to the motion. This is certainly not true. PIA was not even given notice that Plaintiffs would be filing that motion in connection with the SAC. As noted above, PIA said it would consider jointly moving to keep the entire agreement restricted if that motion also included protection for any confidential settlement communications. Plaintiffs' filing of the SAC and motion to restrict only selected portions of the draft settlement agreement was directly contrary to what I had discussed with Mr. Culpepper.

10. In the SAC, Plaintiffs' made certain amendments to the pre-existing claims, particularly with respect to the secondary liability claims, that are completely false and for which Plaintiffs could not possibly have good faith basis. Rather than burden the Court with Rule 11 motion practice, PIA decided to wait until the appropriate later time to address those claims. But the changes to the SAC did not resolve most of the other issues PIA raised with Plaintiffs in the prior pre-motion conference.

11. In subsequent communications, I told Mr. Culpepper that PIA felt that many of the issues identified in the pre-motion conference process had not been addressed in the SAC and that PIA would be filing a motion to dismiss on those issues in addition to the breach of contract claim. And even before Plaintiffs filed the SAC, Mr. Culpepper and I had fully discussed each of

our clients' positions on the contract claim and could not resolve or narrow that dispute. Indeed, on December 8, 2021, PIA and Plaintiffs jointly moved the Court for additional pages for this very Motion to Dismiss (Dkt. No. 68). That motion for additional pages, which Mr. Culpepper reviewed and approved, expressly states that the parties had been unable to resolve the various disputes and that PIA would be moving to dismiss the direct infringement, DMCA, and breach of contract claims in the SAC.  In light of all this, I am puzzled and troubled by Plaintiffs' claim that PIA failed to satisfy its obligation to meet and confer prior to filing its motion to dismiss. Every issue in the motion had previously been discussed and PIA had even given Plaintiffs the full opportunity to attempt to remedy the deficiencies at issue prior to filing the motion.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on February 15, 2022 at New York, New York.

*s/Paul Fakler*_____
Paul Fakler
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020-1001

*Attorney for Defendant Private Internet Access, Inc.*